IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAINE,<br><br>           Plaintiff,<br><br>   v.<br><br>VICKIE DUTTON, ET AL.,<br><br>           Defendants. | No. C16-02565 CRB<br><br>**ORDER DISMISSING CASE** |

Plaintiff Joshua Laine brings suit against the mother of his child, four state court judges, and three Family Court mediators in connection with a series of legal proceedings in the Superior Court of California, County of Alameda, Hayward Hall of Justice Family Court Division. See generally Compl. (dkt. 1). Plaintiff alleges that the court defendants, acting in concert, violated his civil rights and various duties owed to him in numerous ways, including by granting temporary restraining orders, ruling on custody and visitation issues, dismissing Plaintiff's "plea and his evidence," and ordering him to take parenting classes and to attend mediation sessions. See id. He further alleges that the mother of his child "kept [him] from seeing his daughter," and perjured herself in the state court proceedings. See id. ¶¶ 18, 36.

This Court has an independent obligation to determine whether subject matter jurisdiction exists in every case, even in the absence of a challenge from any party. See Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). Reviewing the Complaint, the

Court concludes that there is no subject-matter jurisdiction for Plaintiff's claims against the court defendants, due to the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). That doctrine provides that "federal district courts have no authority to review the final determinations of a state court in judicial proceedings . . . even when the challenge to a state court decision involves federal constitutional issues." Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995). "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and may seek review by the United States Supreme Court." Watson v. State Deputy Attorney Gen., No. CIV. 09-00286 SOM/LEK, 2009 WL 1789346, at *1 (D. Haw. June 23, 2009) (citing Feldman, 460 U.S. at 482–483).

Essentially all of the factual allegations in the Complaint here involve Plaintiff's dissatisfaction with rulings in state family court. See generally Compl. ¶ 18. Plaintiff is "a losing party in state court" and is "barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates [his] federal rights." See Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998); see also Noel v. Hall, 341 F.3d 1148, 1163–64 (9th Cir. 2003) (holding that case asserting as a legal wrong an allegedly erroneous decision by state court is barred by Rooker-Feldman). The Court thus concludes that it lacks jurisdiction over the claims against the court defendants, and it DISMISSES WITH PREJUDICE those claims. The Court further declines to exercise jurisdiction over Plaintiff's lone claim against his child's mother, which arises under state law. See Compl. ¶ 36 (claim for Negligence and Negligent Infliction of Emotional Distress); 28 U.S.C. § 1367(c). That claim is DISMISSED without prejudice to Plaintiff bringing it in state court. Accordingly, this case is

//
//
//
//

DISMISSED in full.

**IT IS SO ORDERED.**

Dated: May 23, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE